**CHICKASHA MOBILE HOMES, INC., et al., Appellees,**

**v.**

**Clarence A. METER, Regional Director, National Labor Relations Board, Region 18, Appellant.**

**No. 19667.**

United States Court of Appeals Eighth Circuit.

May 8, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., entered appearance for appellant.

Kent E. Whittaker and William V. North, of Brewer, Myers, Beckett & Grier, Kansas City, Mo., and Robert A. Michaels, Aberdeen, S. D., entered appearances for appellees.

Before VAN OOSTERHOUT, Chief Judge, and HEANEY, Circuit Judge.

PER CURIAM.

The appellant requests this Court to summarily reverse the order of the United States District Court for the District of South Dakota pursuant to Rule 2, Federal Rules of Appellate Procedure. The District Court temporarily enjoined the National Labor Relations Board from conducting a representation election among the appellees' employees. It did so because it felt there was a substantial question as to the validity of the order of the Regional Director of the Board requiring the appellees to furnish a pre-election list of employees to the Union. See, Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). The order was issued in accordance with the Excelsior rule first enunciated in Excelsior Underwear, Inc., 156 NLRB 1236 (1966).

At the time the restraining order was issued, there was a disagreement among the United States Courts of Appeals as to the validity of the Excelsior rule. Since this matter has been appealed to this Court, the Supreme Court, in a divided opinion, in National Labor Relations Board v. Wyman-Gordon Co., 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709, April 23, 1969, reversed the only Court of Appeals that had held that the Board was without power to require an employer to furnish a pre-election list of employees to a union.

While all of the implications of Wyman are not yet apparent and while we do not attempt now to determine its meaning and scope, it is clear, on the basis of it and Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), that the decision of the District Court must be reversed.

Reversed with directions to the District Court to dissolve the temporary restraining order.